[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12150

Non-Argument Calendar

_____

GLENN S. RHODES,

Plaintiff-Appellant,

*versus*

SUPERIOR JUDGE DANIEL CRAIG,
Individual and Official Capacity,
ADAM LAND,
Defense Lawyer, Individual and Official Capacity,
BARBARA CLARIDGE,

Plaintiff lawyer, Individual and Official Capacity,

SHAWN HAMMOND,

Plaintiff lawyer, Individual and Official Capacity
Defendants-Appellees.

—————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:21-cv-00127-JRH-BKE

—————————————

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

Glenn Rhodes appeals *pro se* the dismissal of his complaint against a Georgia superior court judge, Daniel Craig; Rhodes's former divorce attorneys, Barbara Claridge and Shawn Hammond; and his ex-wife's divorce attorney, Adam Land. 42 U.S.C. § 1983. The complaint alleged that the defendants violated Rhodes's civil and constitutional rights during his divorce proceedings in state court. We affirm.

Rhodes argues that the district court erred by dismissing his claims against Hammond as barred by the *Rooker-Feldman* doctrine, but we need not address that argument because we can affirm on the alternative ground stated by the district court. Before we will reverse a "judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate*

*Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If the "appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground . . . ." *Id.* The district court ruled alternatively that the complaint failed to state a claim against Hammond under section 1983 because Rhodes "failed to allege anything that would transform [] Hammond from a private individual to a state actor." Rhodes failed to challenge this alternative ruling in his initial brief. We affirm on that ground. *Id.*

The district court dismissed the complaint against Judge Craig and attorneys Land and Claridge for insufficient service of process, Fed. R. Civ. P. 12(b)(5), and Rhodes failed to challenge that ruling in his initial brief or otherwise argue that he properly served these individuals. So he has abandoned any challenge of that ground for dismissal too. *See Sapuppo*, 739 F.3d at 680. And his remaining arguments are outside the scope of this appeal.

We **AFFIRM** the dismissal of Rhodes's complaint and **DENY** his motion to review residual impact from miscarriages of justice.